IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>LUIS ALBERTO LEAL-CASTRO, JOSE ALFREDO ROMAN-RODRIGUEZ, and LUIS FERNANDO SOTO-LEAL,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:16CR295DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant Luis Fernando Soto-Leal's Motion to Sever Defendants.  The government opposed the motion and the time for Defendant to file a reply has passed.  Therefore, the court considers the motion fully briefed.  The court has considered carefully the memoranda submitted by the parties, as well as the law and facts relating to the motion.  Now being fully advised, the court issues the following Memorandum Decision and Order.

      Defendant Luis Fernando Soto-Leal requests a severance of his case and trial from his co-Defendant Leal-Castro, arguing that joinder was improper in the first place and that severance is necessary to prevent prejudice and to protect his right to confront Leal-Castro at trial.  Under Rule 14 of the Federal Rules of Criminal Procedure, if joinder "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).

The Indictment charges all defendants with conspiracy to distribute controlled substances and possessing controlled substances with intent to distribute. Federal Rule of Criminal Procedure allows for joinder if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P 8(b).

In a conspiracy trial where the "evidence overlaps and the offenses arise from the same series of acts or transactions," joinder is favored. *United States v. Scott*, 37 F.3d 1564, 1579 (10th Cir. 1994), *cert. denied,* 513 U.S. 1100 (1995). The Tenth Circuit recognizes "a presumption in a conspiracy trial that coconspirators charged together preferably should be tried together." *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009).

Defendant relies on *United States v. Hatcher*, 680 F.2d 438, 440-41 (6th Cir. 1982), where the court held that the trial court committed reversible error by not granting severance because "the indictment on its face alleges no connection between [one defendant] and the cocaine-related charges against [another defendant." *Id*. at 441. But, the Indictment in the instant case does not contain charges related to only one defendant. All the charges in the Indictment are alleged against all the defendants. Defendant argues about the sufficiency of the evidence against him with respect to those charges, but he is charged in the same counts as the other Defendants. The court finds no basis for concluding that joinder was improper under Rule 8.

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). The Tenth Circuit follows the general rule that individuals charged together should be tried together. *United States v. Wright*, 932 F.2d 868, 876 (10th Cir.), *cert. denied*, 502 U.S. 962 (1991). Where defendants have been

properly joined under Rule 8(b), a district court should only grant a severance "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.  Under Tenth Circuit law, "A defendant wishing to obtain severance must show actual prejudice at trial will result from failure to sever the trials." *United States v. Sanders*, 929 F.2d 1466, 1469 (10th Cir.), *cert. denied*, 502 U.S. 846 (1991).

Defendant's allegation that a "spillover effect" would prejudice him if the jury heard evidence against his co-Defendant is not sufficient to grant a motion to sever. *United States v. Morales*, 18 F.3d 1213, 1219 (10th Cir. 1997).  "Neither a mere allegations that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the spillover effect from that evidence that was overwhelming or damaging against the co-defendant than that against the moving party is sufficient to warrant severance." *United States v. Small*, 423 F.3d 1164, 1182 (10th Cir. 2005).  Defendant's arguments that the evidence against his co-Defendant will prejudice him, therefore, is not sufficient to warrant severance.

Defendant's other claim of prejudice is that a joint trial would compromise his right to confront his co-Defendant and the unidentified, uncharged co-conspirator.  The government intends to introduce wire intercepts as non-hearsay co-conspirator statements in furtherance of the conspiracy.  But the *Bruton* rule "does not apply to nontestimonial hearsay statements." *United States v. Clark*, 717 F.3d 790, 816 (10th Cir. 2013).   In *Bruton*, the court dealt with a co-defendant's confession not statements. *United States v. Hill*, 901 F.2d 880, 883 (10th Cir. 1990); *United States v. Rogers*, 652 F.2d 972, 976 (10th Cir. 1981) (noting arguments in favor of extending the rule's application to co-defendant's statements have been rejected).  The court

finds no justification for severance on confrontation grounds.

At this point, it would be improper for the court to determine the weight of the evidence against Defendant aside from the allegations in the Indictment.  Based on the allegations of the Indictment, the court finds no basis for severance.  Therefore, Defendant's Motion to Sever Defendants is denied.

DATED this 5th day of April, 2017.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge